JONES v. STATE.

(Division B. Feb. 5, 1934.)

[152 So. 479. No. 30887.]

**J. M. Travis**, of Meridian, for appellant.

704

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

706

Argued orally by **J. M. Travis**, for appellant, and by **W. D. Conn, Jr.,** for the State.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of the First district of Jasper county of the crime of assault and battery with intent to kill and murder one Will Kidd, and was sentenced to the penitentiary for a term of three years. From that judgment he prosecutes this appeal.

The errors assigned and argued are: The action of the court in overruling appellant's motion to quash the indictment upon the ground that it was found and returned at a place which had not been legally designated for the holding of the court; the action of the court in overruling appellant's motion for a continuance; the admission of the testimony of the witness Martin for the state over appellant's objection; and certain statements made by the judge in the presence of the jury, which appellant claims were prejudicial to his interest. We will consider these questions in the order stated.

Section 220, Code 1930, provides as follows: "When there shall not be a courthouse in any county, or the same may be undergoing repairs, or unfit for use, the board of supervisors may meet at a convenient place in the county and shall provide and designate some suitable building in which the courts of the county and the meetings of the board of supervisors may be held, the expense of which,

and for fitting the same for the purpose, shall be paid out of the county treasury. And if the board shall fail to make such provision, the sheriff of the county may do so.''

The board of supervisors failed to designate a building in which to hold court. The sheriff thereupon designated a certain place, and later the board adopted the sheriff's designation, still later it was found that the place so designated was insufficient, and the board of supervisors entered an order designating a certain school building for the holding of court. Thereafter the circuit judge entered an order on the minutes of the court adopting this last designation. Appellant contends, for reasons unnecessary to be stated, that the place for the holding of the court was not legally fixed. Brookhaven Lumber & Manufacturing Co. v. Adams, 132 Miss. 689, 97 So. 484, is decisive of this question against appellant's contention. It was held in that case that it is the duty of the judge of the court, when called on to hold a term of court in a place other than the regular courthouse, to decide whether or not such place has been lawfully designated in accordance with section 325, Code 1906 (section 220, Code 1930), and his decision that it has been so designated is final and not open to collateral attack by litigants. Appellant's contention amounts to nothing more than a collateral attack. If there was a failure on the part of the board of supervisors to legally fix a place for the holding of the court, appellant was not harmed; he knew where the court was going to be held; he was there at the appointed time.

At the August term, 1932, of the circuit court of the First district of Jasper county, appellant was indicted for an assault and battery with intent to kill one Will Kidd. He was released on bail to appear and answer the charge. Before the convening of the next term of the court, the courthouse was destroyed by fire. For that reason, and probably other considerations, the court was

pretermitted. The next court held for the First district of the county was the August term, 1933. It was at this term of the court that appellant was again indicted for the same offense and tried and convicted. Another indictment was necessary because in the burning of the courthouse the first indictment was destroyed. Appellant claimed a continuance upon the ground that he had not had sufficient time after his indictment and arrest to prepare for his defense. Appellant was reindicted one day, arrested about four o'clock the next morning, brought into court at 8:30 o'clock the same day, was arraigned and pleaded not guilty, and his case was set for trial at one o'clock that afternoon. When he was arrested, he had not employed counsel, but had at the time set for trial. It was then he made application for a continuance upon the ground stated. In overruling the application, the court made the following statement:

"This case was set for trial this morning at eight-thirty for one o'clock. The court at that time told the defendant, who did not have counsel present, and had not employed counsel at that time, to turn the list of witnesses in to the clerk which he desired present to testify for him so that subpœnas could be issued, and the court admonished the clerk to issue those subpœnas immediately and put them in the hands of the sheriff, making them returnable instanter, and put them in the hands of the sheriff for immediate execution. The court gave the same orders for the state also, and the state did that, so far as its witnesses are concerned, and those witnesses are in court and have testified. The defendant did not offer any witnesses, stating that he had no witnesses, that there were only two parties at the scene of the difficulty, himself and the prosecuting witness. At one o'clock the case was called and the defendant was in the court room with Mr. Travis, his counsel, and filed motion for a continuance, which motion was overruled by the court. And the court at that time ordered the clerk to issue process

for the witnesses that they desired, and place it in the hands of the sheriff, and ordered the sheriff to go and bring its witnesses and bring them immediately to court. The witness lived ten miles from the court house, approximately ten miles, and the sheriff has been gone about three hours. All the testimony has been taken in this case of the witnesses who are present, including the defendant. The court would like to have the witnesses present and testify. The weather is threatening and the court has no assurance that the sheriff will be able to get the witnesses. And the court does not feel that the defendant has been diligent in the preparation of his case for trial. He was indicted at the last term of the court. And the records were destroyed by fire. The defendant appeared at this term to answer the charge. And it was his duty to make preparations for his defense even though the records had been destroyed.''

The granting of a continuance is a matter very largely in the discretion of the court. Unless there is a manifest abuse of discretion, the action of the court in refusing a continuance will not be disturbed. Goins v. State, 155 Miss. 662, 124 So. 785. In the Goins case the ground for continuance was that appellant had been indicted only three days before the day of trial, and his counsel had been so busy and so constantly engaged in other cases he had been unable to prepare the defense. It was shown by the evidence that the appellant was arrested in January; he was indicted and tried in May. The court held that appellant should have anticipated the practical certainty of an indictment and taken steps accordingly; that he had no right to wait until the court was actually in session before employing counsel and preparing his defense. We think that case is controlling of the present case as to the continuance feature.

Shortly after appellant had assaulted and broken the arm of Will Kidd, they both appeared in the presence of one Martin; they were still quarreling. Martin was

permitted to testify, over appellant's objection, that appellant stated to Kidd that, if he (Kidd) "told white folks" about him having liquor, he would kill him. Without passing on the propriety of the evidence, we hold it was harmless in this case; the only effect it could have had before the jury was to show appellant's ill feeling and malice toward Kidd. That fact was not disputed. Appellant and Kidd both testified and showed that ill feeling existed between them.

Appellant contends that certain statements made by the court in the presence of the jury were prejudicial, and upon that ground he was entitled to a new trial. The statements referred to are quoted in what the judge said in overruling appellant's application for a continuance, as above set out. The record bears out the statements made by the judge; he only stated the undisputed facts. There is no merit in this contention.

Affirmed.