HODGKIN *v.* STATE.

(Division B. April 8, 1935.)

[160 So. 562. No. 31700.]

298

**T. A. Clark** and **J. C. Jourdan, Jr.,** both of Iuka, for appellant.

**Wm. H. Maynard,** Assistant Attorney-General, for the state.

Argued orally by **J. C. Jourdan, Jr.**, for appellant, and by **Wm. H. Maynard**, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

W. F. Hodgkin was indicted for forging a check. The check was originally given for two dollars and forty cents, according to the state's witness, and the original check did not have the lines for writing filled in, but had figures, two hundred dollars and forty cents, in the margin, and the body had been subsequently filled in for two hundred forty dollars. This, the proof shows, had been changed from the original reading of two dollars and forty cents.

The instrument was set out at large in the indictment, and it was charged therein that: "He, the said W. F.

Hodgkin, then and there well knowing the same to be false, forged, altered and counterfeit, with intent then and there feloniously to injure and defraud the said Jake Hodges and the Iuka Guaranty Bank and the said L. T. Gaines, contrary to the form of the statute," etc.

When the indictment was returned, and the case called for trial, the appellant filed a motion for a continuance on the ground that one James Philbon, a witness, was absent. In the affidavit it was alleged that Philbon was in Texas, having left Mississippi on July 30, 1934, before the appellant was charged with said crime, and that the absence of said witness was not caused by procurement of the appellant, and that he had used diligence to obtain the presence of said witness. That he expected to prove by said witness, if he were present in court, that he was present, at least, some of the time while the transaction was going on between appellant and Jake Hodges, the prosecutor, and saw the check in controversy, which showed that the same was a check for the amount named therein, that there were other people around there during this time when Philbon was in the office, etc. There was nothing to show that said absent witness, Philbon, would ever return to live in Mississippi, but it was shown that his family expected him home about Christmas, but there was no certainty as to this.

It was also shown that Philbon was in Texas for the purpose of working and would probably stay if the work held out.

The trial judge overruled the motion for a continuance.

There was also evidence on the motion that Philbon was not actually present when the check was signed, but was at another point at a singing on that day, it being Sunday.

The prosecuting witness showed by his testimony that he had a truck which was difficult for him to start, and the appellant proposed to secure some gas and go to the house of said witness and start the truck for him. Ap-

pellant did some little work on the mechanism of the truck, and charged the prosecuting witness seven dollars and fifty cents therefor. The prosecuting witness only had the difference between seven dollars and fifty cents and two dollars and forty cents in change, and gave the appellant that, and signed an instrument showing two dollars and forty cents due.

Hodgkin's version was that he had sold a car to Jake Hodges who was to assume two hundred eighty-five dollars due thereon to the Finance Company, and that Jake Hodges gave appellant a check for two hundred forty dollars, the balance of the purchase money.

When the check was presented to the bank for payment, the person in charge had some doubt about its being for the amount shown to be due on it, and had the appellant to receipt to the bank for the two hundred forty dollars on the back of the check. Some inquiry was made about the matter, and the appellant stated to the cashier of the bank that the check was for two hundred forty dollars, and that he had traded the prosecuting witness, Hodges, a truck shortly before that, for which he had been given a check which the cashier had paid, and stated that he had traded a car for a truck, and two hundred forty dollars was the difference between the car and the truck.

We think the motion for a continuance was insufficient to show, taken in connection with the testimony, that there was any probability that the absent witness would return to Mississippi and be present at the next term of court. It devolved upon the movant, where the witness was shown to be a nonresident, to show, by evidence, that he would probably be present at the next term of court, and the testimony here is insufficient to show such probability. Motions for continuances are addressed to the sound discretion of the court, and, unless there is a showing that this discretion has been abused, this court will not reverse for the overruling of a motion for continu-

ance. Cox v. State, 138 Miss. 370, 103 So. 129; Sanders v. State, 141 Miss. 289, 105 So. 523, and Jones v. State, 168 Miss. 702, 152 So. 479.

There was also a question raised as to whether a peremptory instruction should not have been given, based on the theory that the instrument delivered by the prosecuting witness, which he termed a due bill, was not subject to forgery.

We think this case falls within section 944, Code 1930, reading as follows: "Every person who, with the intent to injure or defraud, shall falsely make, alter, forge, or counterfeit any instrument or writing being or purporting to be any process issued by any competent court, magistrate, or officer, or being or purporting to be any pleading or proceeding filed or entered in any court of law or equity, or being or purporting to be any certificate, order, or allowance, by any competent court, board, or officer, or being or purporting to be any license or authority authorized by any statute, or any instrument or writing being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be created, increased, discharged, or diminished, or by which any right or property whatever shall be or purport to be transferred, conveyed, discharged, diminished, or in any manner affected, by which false making, forging, altering or counterfeiting any person may be affected, bound, or in any way injured in his person or property, shall be guilty of forgery."

On the record in this case, there was ample testimony to sustain the conviction, and we find no reversible error in the record. The judgment of the court below will, therefore, be affirmed.

Affirmed.