THORNTON *v.* STATE.

(Division B.   Nov. 9, 1936.)

[170 So. 541.   No. 32325.]

F. F. Mize, of Forest, for appellant.

Wm. H. Maynard, Assistant Attorney-General, for the State.

**Griffith, J.,** delivered the opinion of the court.

Appellant, a white man, was indicted and tried for the murder of Otis White, a negro, and was convicted of manslaughter. The first assignment of error is that the court should have granted appellant's request for a directed verdict of not guilty. The argument of appellant in support of this assignment is that there were only two eyewitnesses to the homicide, and that both these witnesses, without material conflict, by their evidence made out a case of self-defense.

It is true, of course, that, where the testimony of the eyewitnesses is not in conflict, and is entirely reasonable, and is consistent with all the circumstances, including the physical facts, and makes out a case of self-defense, that testimony must be accepted as true by the court, Weathersby v. State, 165 Miss. 207, 147 So. 481; but where the testimony of the eyewitnesses is in material respects unreasonable, or is contrary to the evidence of the attendant circumstances, including the physical facts, the case must be submitted to the jury, McGehee v. State, 138 Miss. 822, 104 So. 150; Grady v. State, 144 Miss. 778, 110 So. 225; McFatter v. State, 147 Miss. 133, 113 So. 187; Brumfield v. State, 150 Miss. 552, 117 So. 529; Smith v. State, 167 Miss. 85, 147 So. 482.

The undisputed evidence in this case is that the deceased was shot in the back of his leg, the force of the shot progressing towards the front. The death was caused by the loss of blood from this wound. The jury was warranted in considering that a shot fired when the deceased had his back turned to the accused was not in self-defense, there being only one discharge of the gun; and there were other circumstances shown in evidence which, when taken with the fact mentioned, would indicate that the jury reached the right result and that it would have been highly improper for the court to have

invaded the province of the jury by granting the requested peremptory instruction.

The second assignment of error is the action of the court in overruling the motion for a new trial for newly discovered evidence. Appellant was indicted on April 13, 1934, but was not tried until November 18, 1935. During this year and a half, more than ample time was available to appellant to prepare his defense; and the state of the evidence on the motion for a new trial is such as to justify the conclusion of the trial judge that, if due diligence had been exercised by appellant, the evidence now claimed to be newly discovered would have been known to him, so that he could have used it in the trial in chief. At any rate, we cannot say from the record that the trial judge was manifestly wrong in that conclusion. It is the settled law in this state that "due diligence as measured by legal standards is a universal prerequisite to the availability of newly discovered evidence as a ground for a new trial." Bryant v. State, 172 Miss. 210, 216, 157 So. 346, 348. "A party asking for a new trial on the ground of newly discovered evidence, must satisfy the court that the evidence has come to his knowledge since the trial, and that it was not owing to want of diligence that it was not discovered sooner, and that it would probably produce a different result if a new trial be granted." Carraway v. State, 167 Miss. 390, 402, 148 So. 340, 344. There are many other cases in our books to the same effect.

Affirmed.