190 So.2d 838 (1966)
Conway KINKEAD
v.
STATE of Mississippi.
No. 43958.
Supreme Court of Mississippi.
October 17, 1966.
Albert V. Miller, Rolling Fork, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellant, Conway Kinkead, was indicted for the murder of Mose Stewart by the grand jury of Issaquena County, Mississippi. He was convicted of the charge of manslaughter, and sentenced to serve a term of five years in the State Penitentiary. After appellant's motion for a new trial was overruled, he appealed to this Court from the judgment of the trial court.
The record reveals that in the late afternoon of July 18, 1965, about dark, Floyd Johnson, deputy sheriff and game warden, was sitting under a tree near his home. He lived about a quarter of a mile from the home of appellant. He heard a noise in the direction of the home of appellant. He said "It sounded like fussing and squabbling, screaming and hollering to take place up there." He heard a door slam and a gun fire. He went into the house and ate supper, and then went up the road toward the home of appellant. He met Mrs. Kinkead, who insisted that he come to her house, that "Kinkead has done killed a man," and said "I don't know whether it is Mose or not." The officer went into the house and found the deceased lying near the back door. It was apparent to the witness that he had *839 been killed by a gunshot wound. The witness thought it was about five minutes to eight o'clock at that time. "It was getting dusk dark, good dusk dark * * * when I got there." He testified that the appellant told him "I had to do it. * * * He was fixing to jump on me." The witness said that "`Miss Beulah' spoke up at that time and says `No, that ain't the way it was. * * * You didn't know what * * who you were shooting. You just shot through the door. He was trying to break in and you shot through the door, and you didn't know who you were shooting."
The proof shows that the one-room house in which the appellant and his wife lived had a wooden back door and an outer screen door. The wooden door opened into the room, and the screen door opened to the outside. The screen had a hole in it, with powder burns around the hole. The screen door had a wire hook or fastener. The fastener had been broken and the screen door was fastened with a wire hook. There was testimony that the grass was mashed down in the yard, near where the deceased's cap was found. There were some full and empty beer cans found in front of the house. The State offered testimony to show that several days before deceased was shot, he had some money, and at the time of his death, he did not have any money on his person.
The appellant's wife was in the hospital at the time of the trial and did not testify. The defendant testified that on the night in question, they went to bed between seven and eight o'clock; that after they had gone to bed, someone came to the back door and without warning began to violently pull, jerk and beat the screen door. The screen door gave way, and the wooden door was thrown open. Appellant called out several times and warned that he would shoot, but he received no reply. He then picked up his shotgun, which was at the head of the bed, and fired toward the door. The deceased was found within a few feet of the back door, near a hoe that had blood on the handle. The appellant and deceased had been close friends for many years.
The appellant contends that the court committed reversible error in not granting a peremptory instruction to find him not guilty of murder. This argument is based upon the testimony showing that the appellant and deceased had been good friends, and that the State failed to show that he was angry at deceased or had any malice toward him at the time he fired the fatal shot.
This assignment of error is not valid because the appellant was not convicted of murder; he was convicted of manslaughter, a crime that does not require proof of malice or premeditated design to kill. Miss. Code Ann. §§ 2220, 2224, 2225 (1956).
The appellant argues that the State did not prove the elements of manslaughter because "there was no proof to show passion or provocation." It is said: "There was no quarrel, no fuss, or difficulty between the appellant and the deceased." This argument overlooks the testimony of Floyd Johnson, who heard "a fuss," "a door slam," and a "gun fire" over at the home of the appellant in the late afternoon. Later, when this witness arrived at the scene, the defendant told him "I had to do it * * * he was fixing to jump on me." The appellant's wife said: "No, that ain't the way it was * * * you didn't know * * * who you were shooting."
The rule laid down in the case of Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933)  wherein it is said that the defendant's explanation of the homicide will be accepted when it is not contradicted, directly or by fair inference  is not applicable under the facts in this case, because the jury had sufficient evidence on which it could, as reasonable men, disbelieve the explanation given by the appellant.
The jury obviously believed there was a quarrel and "fuss" between the appellant *840 and the deceased immediately before the fatal shot was fired. The issue as to the truthfulness of the explanation of a defendant as to how an admitted homicide occurred is a question for the determination of the jury where there is substantial direct or circumstantial evidence which contradicts the version offered by the defendant. Hinton v. State, 246 Miss. 790, 151 So.2d 413 (1963); Hawkins v. State, 224 Miss. 309, 80 So.2d 1 (1955); Rogers v. State, 222 Miss. 609, 76 So.2d 702 (1955); Lampkin v. State, 214 Miss. 735, 59 So.2d 335 (1952); Leflore v. State, 196 Miss. 632, 18 So.2d 132 (1944); Dixon v. State, 188 Miss. 797, 196 So. 637 (1940); Thornton v. State, 178 Miss. 304, 170 So. 541 (1936); McGehee v. State, 138 Miss. 822, 104 So. 150 (1925); Huddleston v. State, 134 Miss. 382, 98 So. 839 (1924).
The appellant contends that there was no evidence on which a verdict of manslaughter could be sustained under the facts here under consideration, and therefore the trial court committed reversible error in granting an instruction on manslaughter at the request of the State. We are of the opinion, however, that the rule is well-settled, that the issue as to whether or not an admitted homicide is murder or manslaughter is ordinarily a question for the jury on conflicting evidence. Lord v. State, 237 Miss. 12, 112 So.2d 528 (1959); Crockerham v. State, 202 Miss. 25, 30 So.2d 417 (1947); Anderson v. State, 199 Miss. 885, 25 So.2d 474 (1946); Magee v. State, 200 Miss. 861, 27 So.2d 767 (1946), suggestion of error as to death penalty sustained, 200 Miss. 861, 28 So.2d 854 (1947).
We do not find reversible error in the record of the trial of the instant case, and for that reason, the sentence and judgment of the trial court is affirmed.
Affirmed.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.