CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Christopher Darnell Eugene Roach was convicted in the Harrison County Circuit Court of the murder of Vonchartter Bailey. He was sentenced to life in the
 
 *968
 
 custody of the Mississippi Department of Corrections.
 

 ¶2. Roach argues on appeal that: (1) the evidence and testimony presented at trial was insufficient to support the verdict of murder, and (2) his conduct constituted the crime of manslaughter, not murder. He asks this Court to reverse his conviction and remand the matter for a new trial. Upon review, we find no error and affirm Roach’s conviction and sentence.
 

 FACTS
 

 ¶ 3. Roach and Bailey were married in or around December 2000. During their marriage, Bailey gave birth to a child. The couple later divorced, but maintained an amicable relationship.
 

 ¶4. On March 31, 2007, Bailey invited Roach to travel to Gulfport, Mississippi, with her and spend a few days. On April 1, 2007, Bailey and Roach drove to Gulf-port. During the drive, both Roach and Bailey ingested cocaine by “snorting” and consumed alcohol. Upon arrival in Gulf-port, the pair checked into the Sun Suites hotel. While in the hotel room, the couple continued ingesting cocaine by “snorting,” smoking marijuana, and consuming alcohol. At some point during the afternoon, Bailey went through Roach’s bag and removed the loaded gun Roach had packed. Roach testified that he asked Bailey to hand him the gun, and she refused. Roach asserts he approached Bailey from behind and reached his arms around her in an attempt to grab the gun. Roach testified that while they fought over the gun, the gun discharged, shooting Roach in his left hand.
 

 ¶ 5. Roach further asserts he then took possession of the gun and shot Bailey six times at close range, killing her. At trial, the forensic pathology expert testified that the gunshot wound Roach received to his hand was consistent with an injury received while holding Bailey down and shooting her through his hand. Roach testified that after getting shot in the hand, the next thing he remembered was waking up in jail.
 

 ¶ 6. After a trial in Harrison County Circuit Court on November 5-6, 2008, a jury found Roach guilty of murder. Roach filed a motion for a judgment not withstanding the verdict or, alternatively, for a new trial. The circuit court denied his motion, and this appeal followed.
 

 DISCUSSION
 

 I. Verdict is against the legal sufficiency of the evidence.
 

 ¶ 7. Roach argues that the verdict of the jury, as well as the judgment and sentence of the trial court, is contrary to established law and against the overwhelming weight of the evidence. However, this Court notes that Roach’s argument actually poses a question regarding the legal sufficiency of the evidence, and we will address his argument accordingly. Roach argues that the State failed to meet its burden of proof by a requisite showing of evidence beyond a reasonable doubt as to the element of “deliberate design” in the murder offense charged. As a result, Roach submits that the trial judge erred in not granting his request for a directed verdict in his favor at the end of the State’s case-in-chief and at the close of all of the evidence. Additionally, Roach claims that the trial court erred in not granting his motion for a judgment not withstanding the verdict and his motion for a new trial.
 

 ¶ 8. In
 
 Carr v. State,
 
 208 So.2d 886, 889 (Miss.1968), the Mississippi Supreme Court stated that in considering whether the evidence is sufficient to sustain a conviction in the face of a motion for
 
 *969
 
 a directed verdict or for a judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows “beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” The relevant question before us, then, is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citations omitted). While viewing the evidence in the light most favorable to the prosecution, “[s]hould the facts and inferences considered in a challenge to the sufficiency of the evidence ‘point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,’ ” then the appellate court must reverse and render as the proper remedy.
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citing
 
 Edwards v. State,
 
 469 So.2d 68, 70 (Miss.1985)). “However, if a review of the evidence reveals that it is of such quality and weight that, ‘having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense,’ the evidence will be deemed to have been sufficient.”
 
 Id.
 

 ¶ 9. Mississippi Code Annotated section 97-3-19(l)(a) (Rev.2007) sets forth the elements required for the crime of murder as follows:
 

 (1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:
 

 (a) When done with deliberate design to effect the death of the person killed, or of any human being[.]
 

 Roach claims that the State failed to prove the deliberate-design element beyond a reasonable doubt; therefore, at best, fair-minded jurors might have only found him guilty of manslaughter. Roach testified that he shot Bailey in the heat of passion; thus, he should have only been found guilty of manslaughter. However, when evaluating the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution, not Roach.
 

 ¶ 10. In contrast to Roach’s testimony, evidence in the record shows that Roach fought with Bailey, held her down, and accidentally shot himself through the hand, and then shot Bailey a total of six times. As a result, the record contains evidence of deliberate design, in addition to evidence of manslaughter, thus leaving a question of fact for the jury. Therefore, the circuit court judge correctly denied Roach’s motion for a directed verdict, as a question of fact existed for the jury based upon the facts and inferences set forth in the record. In sum, when considering the evidence in the light most favorable to the State, we find the record contains sufficient evidence for a rational juror to find beyond a reasonable doubt that all of the essential elements of the crime bf murder had been met by the State. This issue is without merit.
 

 II. The conduct of the defendant . constituted the crime of manslaughter, not murder.
 

 ¶ 11. Roach argues that the gunshot allegedly fired by Bailey injuring his hand constitutes the “blow or certain other provocation” and the “immediate and reasonable provocation” required under the
 
 *970
 
 definition of manslaughter. Roach argues that the alleged shooting raised a “heat of passion” in him, resulting in his shooting Bailey six times. Thus, Roach argues that as a matter of law, he is only guilty of manslaughter.
 

 ¶ 12. However, conflicting evidence appears in the record, which supports the State’s theory that Roach inflicted the gunshot wound to himself while shooting Bailey multiple times. Bailey was shot six times in her neck, back, right forearm, and left thigh. Thus, the forensic pathology expert’s testimony that Roach inflicted the gunshot wound to himself while shooting Bailey supports a deliberate-design-murder instruction. In Mississippi, “the rule is well[ ]settled, that the issue as to whether or not an admitted homicide is murder or manslaughter is ordinarily a question for the jury on conflicting evidence.”
 
 Kinkead v. State,
 
 190 So.2d 838, 840 (Miss.1966). Thus, the circuit court judge properly submitted the question of whether Bailey’s death resulted from the crime of murder or the crime of heat-of-passion manslaughter to the jury to decide.
 

 ¶ 13. After the trial, the jury received a jury instruction on voluntary intoxication, as well as jury instructions addressing murder and manslaughter. After deliberating, the jury found Roach guilty of murder. We find that evidence in the record supports the jury’s verdict finding Roach guilty of murder. This issue is without merit.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.