## Ex parte Peter Jefferson.

1. Habeas Corpus. *Examination of charge against relator. Presumption in absence of evidence.*

    Where, upon an appeal from the decision of a judge refusing to discharge the appellant on a writ of *habeas corpus*, the record fails to show that the justice of the peace upon whose *mittimus* the relator was held in custody made any examination of the charge against the relator, this court will presume, in the absence of evidence upon the point, that such examination was waived by the accused.

2. Same. *Application of one accused of crime. Failure of grand jury to indict. Showing required.*

    Where one who has been committed to jail by a justice of the peace on a criminal charge seeks to be discharged from custody by a *habeas corpus* proceeding on the ground that since his commitment a regular term of the circuit court having jurisdiction of his case has been held and no indictment has been found against him, he must show in addition that the charge against him was fully investigated by the grand jury.

3. Criminal Prosecution. *Reasonable time therefor. "Speedy trial."*

    The guaranty of a "speedy trial," provided by § 7 of article 1 of the constitution, in favor of the accused in a criminal prosecution does not preclude the State from a reasonable opportunity to examine and prosecute the charge.

Appeal from the decision of Hon. Ralph North, judge of the eleventh judicial district, on *habeas corpus.*

The case is sufficiently stated in the opinion of the court.

*Mellen & Pintard*, for the appellant.

These two facts are patent:

1. The accused was committed by the magistrate without any preliminary examination, the grand jury not being in session.

· This we hold was an outrage upon his rights as a citizen of this State. He was entitled to an investigation, which he did not receive, or to his discharge. What right has any magistrate to arrest and commit any citizen upon the bare, bald affidavit of any man? Whose liberty is secure if such a procedure is to be upheld by the courts of this State?

. 2. The grand jury investigated the case and were discharged without finding any bill against the accused. *Whereupon he ought to have been discharged,* and not held to enable the prosecutor to scour the country for mythical witnesses *who he was told had told somebody* else they would swear to certain things. Is not § 7, art. 1, Const. of Miss., intended to meet just such a state of affairs?

*Nugent & McWillie,* on the same side.

In a recent case this court said : " Though our statute contains no such provision, the practice here is to discharge at the first term if no indictment be found and no showing made for a longer detention." *Ex parte Caples,* 58 Miss. 362. This was said of a class of cases not bailable; *a fortiori* that ruling should be followed when the offense, as in this case, is of less gravity and bailable under our statute.

The legislation of the American States on this subject is all based on the English *habeas corpus* act, which contained a provision that in cases of treason and felony, which were not by law bailable, the accused should be discharged if not indicted at the first term, or tried at the second term after arrest, unless it was made to appear that the crown witnesses could not be produced. While this provision is not in terms re-enacted in our statute, the long established practice here and legislation· elsewhere has fixed with sufficient clearness the meaning of the words of our constitution, which guarantees to the accused a " speedy " trial. It must be shown, in order to justify the action of the court in refusing to discharge the relator, that the evidence for the State was not and could not have been produced before the grand jury, and that it probably· can be hereafter and is material. The record wholly negatives such a conclusion in this case.

It will be observed that the rule is to discharge, although the grand jury may have made no investigation, where no showing of further proof is made. In the case ·at bar it is admitted that the grand jury investigated the particular case at a regular term of court and adjourned without finding an indictment.

The magistrate failed to make the examination required by law, and there was no waiver of such examination on the part of the accused. It would seem that the statute does not invest the bare charge of the prosecutor with such potency as it exercised in this case, for the right of the magistrate to commit is based on a previous examination. Section 3113, Code 1880. The affidavit secures arrest, but not commitment, unless on examination the facts indicate the guilt of the accused. If this view is correct the relator is deprived of his liberty in a manner other than by due course of law, and we invoke in his behalf the second as well as the seventh section of the Bill of Rights of this State.

*J. L. Harris*, for the State.

The crime was committed on the 22d of August, 1884. August 30th, affidavit was made against relator and he was committed in default of two thousand dollars bond without preliminary examination. In passing we must presume that a preliminary examination was waived. *Omnia præsumunter vita esse acta.* On the 1st September circuit court convened and the grand jury made a *partial* examination of this offense, and finally adjourned without finding a bill.

The question now presented is whether the failure of a grand jury to find a bill at the first term discharges a prisoner without regard to the circumstances of his case.

This doctrine has been nowhere held, so far as I have been able to ascertain, and counsel fail to cite any authority in support of it. In *Caples' Case*, cited by counsel, the court said that the practice has been to discharge when no indictment is found at first term and no showing is made for a longer detention, but it did not announce this as a rule of law to be imperatively observed in every case. The failure of the grand jury to find a bill would greatly strengthen an application for bail and would in some cases entitle the

prisoner to a discharge, where, for example, it was shown that a thorough examination had been made and there was little in the evidence on the hearing of the petition to indicate guilt. But the finding of a single grand jury is not equivalent to *autrefois acquit.*

ARNOLD, J., delivered the opinion of the court.

Relator was charged with arson, and committed to jail by a justice of the peace of Adams County in default of bail in the sum of two thousand dollars. No preliminary examination was made by the justice of the peace, and it is not shown whether it was waived by the relator or not. It is admitted that two days after the arrest and committal a regular criminal term of the circuit court of the county was commenced and held, and that the grand jury for the term partially investigated the charge against relator, but adjourned finally without finding a bill of indictment against him. It is admitted also that the grand jury did not embody in their report to the court anything expressly in regard to this particular case, but did report that, "Among the offenses committed and not reported were some of the most serious character, and though we devoted several days to an investigation of them, and though fully convinced in our own minds of the guilt of the parties charged, because of the lack of sufficient evidence to convict we were unable to find bills against them, and it is deeply regretted that such offenders have thus far so effectually covered up their tracks as to prevent the law from reaching them and dealing out to them that justice they so richly merit."

After final adjournment of the circuit court relator petitioned the circuit judge for a writ of *habeas corpus,* which was granted, and the sheriff returned thereon that he held the prisoner by virtue of a *mittimus* from a justice of the peace of the county in default of bail in the sum of two thousand dollars. On the hearing of the *habeas corpus* various witnesses were examined on the charge against relator, but it does not appear whether any of these witnesses were before the grand jury or not. Statements of what an absent witness who, when last heard from, was in an adjoining county, said in regard to relator being present at the burning, etc.,

were objected to at the hearing as being hearsay. His Honor, the judge, remanded the relator to custody in default of bail in the sum of one thousand dollars. From this judgment the relator appealed, and now insists that the adjournment of the circuit court without a bill being found against him entitles him to a discharge, and that the testimony was not sufficient to warrant his being held.

The "speedy trial" guaranteed by the constitution does not operate to deprive the State of a reasonable opportunity of fairly prosecuting criminals. It must be presumed in the absence of testimony that the justice of the peace performed his duty and that a preliminary examination was waived. Upon the hearing of the *habeas corpus* no error was committed in reducing the amount of bail which had been required by the justice of the peace and remanding the prisoner, unless there is some inflexible rule of law which required that he should be discharged because a regular term of the circuit court had intervened at which the grand jury failed to indict him. There is no such rule of law in this State. We have no statute on the subject. As said in *Ex parte Caples*, 58 Miss. 358, the practice here is to discharge at the first term if no indictment is found and no showing made for a longer detention. This practice is so just and proper and well established that a failure to observe it suggests, even in the absence of testimony, that there must have been exceptional circumstances in the case. On the hearing of the *habeas corpus* the burden of proof was on the relator (*Ex parte Bridewell*, 57 Miss. 39), and if he relied for discharge upon the facts that a regular term of the circuit court had been held and that no indictment had been found against him, he should have shown in addition, that the charge against him was fully investigated by the grand jury.

The reduction in the amount of bail effected by the *habeas corpus* proceedings filled the measure of relief to which the relator was entitled in the case disclosed by the record, and we reach this conclusion without reference to the testimony which was objected to at the hearing as being hearsay.

*Affirmed.*