## CHARLES CADE v. STATE OF MISSISSIPPI.

### [50 South. 554.]

CRIMINAL LAW AND PROCEDURE. *Unlawful cohabitation. Witnesses. Absence from state. Continuances.*

A defendant should be allowed a reasonable time within which to procure the attendance of his witnesses, and, where the indictment was found only two days before the case was called for trial, the temporary absence from the state of a material witness does not warrant the denial of an application for a continuance, because of his absence.

FROM the circuit court of Claiborne county.

HON. JOHN N. BUSH, Judge.

Cade, appellant, was indicted, tried, and convicted of unlawful cohabitation with one Ella Killian, and appealed to the supreme court. The facts upon which the decision turned are stated in the opinion of the court.

*R. B. Anderson,* for appellant.

The application for a continuance should have been granted. It was in due form and supported by the proper affidavit. It

was shown that the witness was not in Claiborne county when court convened. It was also shown that she would be absent only a few days, had lived in the county and her home and family were there; and she had gone to Memphis, Tenn., for medical treatment. The application fully sets out that the witness, Ella Killian, would testify that the defendant had never had sexual intercourse with her; had never cohabited with her, or habitually visited her house; and that said Ella Killian was the only person by whom he could establish his defense.

The denial of the continuance was unjust and arbitrary in the extreme. Of course, Ella Killian was jointly indicted for the offense, but an indictment raises no presumption of guilt whatever. The defendant had shown diligence in procuring process for the witness; the indictment was only filed on June 28th, and the defendant was arraigned on the 29th, and the application was duly presented on the day the case was called. But one day had elapsed between the arraignment and the trial. The application even asked that the case be reset for another day of the term that defendant might have an opportunity to secure the presence of Ella Killian. The action of the court below deprived defendant of his right to obtain his witness, and of his entire defense. The state did not even offer to admit that the absent witness would testify, if present, to what was stated in the application.

Ella Killian, above all other persons, from the very nature of the crime which was charged, and especially in this case where the state's case rests on the alleged confession of the accused to Tom Rowan, was, of necessity a most important witness. She knew more about the charge, or rather, the facts, than any other person. The defendant had no other witness as the record shows. That she was a co-defendant did not in any wise alter the right of defendant to have a reasonable chance to obtain her presence. *Woodward v. State,* 89 Miss. 348, 42 South. 167; *Magee v. State* (Miss.), 45 South. 360;

*Hattox v. State,* 80 Miss. 186, 31 South. 579; *Havens v. State,* 75 Miss. 488, 23 South. 181.

*George Butler,* assistant attorney-general, for appellant.

Appellant and Ella Killian were jointly indicted for unlawful cohabitation. When appellant's case was called he moved for a continuance because of the absence of the said Ella Killian.

The witness was a co-defendant, conveniently ill at the convening of the court, and finding no physician or hospital nearer, went to Tennessee for treatment.

She could hardly be expected to admit that Cade had been living with her in unlawful cohabitation unless she should plead guilty to the offense. Counsel did not see fit to present her affidavit on the hearing of the motion for a new trial. True, it is said she was still in Memphis, but by diligence her affidavit could have been procured.

Argued orally by *R. B. Anderson* and *W. K. McLaurin,* for appellant, and by *J. B. Stirling,* attorney-general, for appellee.

MAYES, J., delivered the opinion of the court.

While this court will not ordinarily interfere with the discretion of the trial court in refusing to grant an application for continuance because of the absence of a witness, when it appears that the witness is beyond the jurisdiction of the court, yet there are times when the trial court should allow a continuance, even when it appears that the absent witness cannot be reached with process at the time the application is made. In this case the indictment was returned on the 28th of June, 1909, and the trial set for the 30th, just two days after the indictment was found. The uncontroverted affidavit of defendant, made on the application for continuance, shows that the absent witness is a very necessary witness in so far as his case

is concerned, that she is a resident of the county, that she is away without any procurement on his part or consent, that her absence is only temporary, and that he cannot safely go to trial without her; and what affiant states that this witness will swear to, if believed by the jury, would certainly establish his innocence. Persons charged with crime should have reasonable opportunity to obtain witnesses. Whether the witnesses will be believed or not rests with the jury; but a defendant should be allowed reasonable time to get witnesses. There is nothing in this record to suggest that the application was not made in good faith, and for the genuine purpose of obtaining the witness. It is true that it is shown that the witness is beyond the jurisdiction of the court, and, if there had elapsed any sufficient length of time between the return of the indictment and the date of trial for the defendant to have procured this witness, we would not interfere with the court's holding; but the trial was the second day after the indictment was found, thus giving defendant no reasonable time to exert himself to procure this witness.

We think the court erred, in view of the facts of this case, in refusing the application for continuance, and the judgment appealed from is *reversed* and the cause *remanded.*