GEORGE KNOX v. STATE OF MISSISSIPPI.

[52 South. 695.]

CRIMINAL LAW AND PROCEDURE. *Murder. Continuance. Absent witness. Temporarily out of state.*

Where a murder case was called for trial within less than a week. after the finding of the indictment, an application by defendant for a continuance, based on the absence of a resident material witness, should not be denied solely because the witness was. temporarily out of the state.

FROM the circuit court of Amite county.

HON. MOYSE H. WILKINSON, Judge.

Knox, appellant, was indicted and tried for the murder of one Thompson, was convicted of manslaughter, sentenced to the penitentiary for five years, and appealed to the supreme court. The opinion of the court states the facts.

*R. E. Jackson* and *R. S. Stewart,* for appellant.

Appellant was indicted for murder on Saturday, and was forced to trial by the court below on the following Monday. Upon the call of the case for trial appellant announced that he was not ready to go to trial because of the absence of a witness, Wells, and presented his written application for a continuance, in the statutory form and supported by affidavit. The state contested the application on the theory that the absent witness was at the time without the jurisdiction of the court, and out of the state, and the trial court overruled the application. This. action of the court was fatal error and should be sufficient to reverse the conviction.

The evidence adduced by the state in contesting the application, was negative in character, and did not overthrow that:

*prima facie* case made by the positive statement and affidavit. of appellant. The facts to which the absent witness would have testified, especially that part of it showing what deceased said and did as he rushed from the house in quest of the accused, was of the most vital importance to appellant.

One of the witnesses for the state, on the hearing of the application, admitted that the absent witness said he was going up to a place near Brookhaven, and no one introduced by the state testified as to the whereabouts of the witness on the date of the filing of the application or that the witness was not at the date and hour of the hearing within the jurisdiction of the trial court, and if the witness was within the jurisdiction of the trial court, the application should have been granted or the case postponed. *Woodard v. State,* 89 Miss. 324.

Two days elapsed between the return of the indictment and the date of the trial and no witness of the state denied that the absent witness, Wells, was at the place where the homicide is alleged to have occurred; but all admit that Wells was there and could have seen and heard all the difficulty leading to the killing, and if the *Woodard case* above cited, warranted a reversal, this case should be reversed. But if it be contended that the proof adduced on the part of the state was sufficient to call for a reply and the appellant failed to answer this proof, we urge in reply that the accused has a right to rely on his affidavit, and that it was sufficient until overthrown. *Hubbard v. State,* 64 Miss. 315.

If it be contended that the testimony of the state's witness was sufficient to and did overcome the contention of appellant, and shows that the witness was without the state, the judgment should nevertheless be reversed because the same evidence demonstrated that the witness, Wells, lived in the state and in the county wherein the trial was had, and was only temporarily absent. *Cade v. State,* 96 Miss. 434, 50 South. 554.

Under Code 1906, § 1498, appellant would have been entitled to a continuance, even had the state admitted that the witness Wells would have testified to the facts detailed in the application for a continuance, for, from the evidence, and the affidavit of appellant, compulsory process could have been obtained to compel Wells to attend.

The appellant is entitled to a reversal, and would have been so entitled had the district attorney admitted that the witness would have testified to the detailed statement of facts as set out in the affidavit, for this court has practically decided that it is a matter of right, that the accused should not be forced to a trial in capital cases, at the first term following the indictment, unless it clearly appears that no harm or prejudice would be done him. *Montgomery v. State*, 85 Miss. 330, 37 South. 835; *Walton v. State*, 39 South. 689.

The application embodied all the elements necessary, and a continuance should have been granted, and upon the authority of the following cases, we urge that the judgment must be reversed because of the failure of the trial court to grant the continuance. *Whit v. State*, 85 Miss. 208, 37 South. 809; *Montgomery v. State*, 85 Miss. 330, 37 South. 835; *Caldwell v. State*, 85 Miss. 383, 37 South. 816; *Scott v. State*, 80 Miss. 197, 31 South. 710; *Walton v. State*, 39 South. 689; Mississippi Const. sec. 26; Code 1906, § 1498.

*James R. McDowell*, assistant attorney-general, for appellee.

The failure of the court below to grant a continuance based upon the appellant's application, is set up by learned counsel for appellant as a ground for reversal of the judgment in this cause. This application is sworn to by appellant, and it alleges that the presence of one Wells is necessary because of certain things to which Wells would testify, he being an eye witness to the homicide. The court below heard testimony on the application, and overruled the same.

It is alleged in the application on appellant's information that the witness Wells is in Gulfport. There was however, no proof of a positive nature offered to show that he was actually there, or was at any other point in the state. One of the witnesses for the state testified that he was informed that Wells was in Louisiana. This testimony was objected to by appellant as hearsay. Of course it is impossible to determine where an absent witness is except from hearsay. No one in Liberty can swear that a witness is in Gulfport except by giving the information through which he derives his belief. The appellant himself, in his application, attempts to do no more, so that if the testimony of the state's witness was objected to for that reason, then for the same reason the affidavit of appellant is insufficient, especially in view of the fact that appellant does not give any information or the name of any person who saw Wells in Gulfport.

Every point which appellant swears would have been testified to by the absent witness Wells, was, on the trial, testified to by two other witnesses for appellant.

The court below is by law allowed discretion in considering an application for a continuance. *Strauss v. State,* 58 Miss. 53.

McLAIN, C.

On Saturday, February 26, 1910, the defendant, George Knox, was indicted for murder in the circuit court of Amite county, and on the following Monday, February 28, 1910, the case was called for trial, and the state announced ready for trial; but the defendant stated to the court that he was not ready for trial on account of the absence of Andrew Wells, a material witness. He presented an application for a continuance on this ground, which application was in due form and supported by affidavit. The application alleged, among other things, that the witness was then within the jurisdiction of the court, and that defendant was informed that he was at Gulf-

port, Miss. The state contested the application on the theory that the witness was beyond the jurisdiction of the court. The evidence on this point was conflicting. The court overruled the motion for a continuance, and thereupon the defendant asked the court to postpone the cause to a future day of the court, which was also overruled by the court, and defendant forced to trial. The evidence taken on this application for a continuance further showed that this witness had but recently left the county, and that he resided in the state and in the county where the crime was committed, and that he was temporarily absent, and would return soon.

If the witness was within the jurisdiction of the court, this case should have been continued, or at least postponed to some future day of the term. *Montgomery v. State,* 85 Miss. 330, 37 South. 835. If the witness was beyond the jurisdiction of the court at the time the application was presented, then, under the facts of this particular case, a continuance should have been granted. In the case of *Cade v. State,* 96 Miss. 434, 50 South. 554, this court said, speaking through Judge MAYES: "While the court will not ordinarily interfere with the discretion of the trial court in refusing to grant an application for a continuance because of the absence of a witness, when it appears that the witness is beyond the jurisdiction of the court, yet there are times when the trial court should allow a continuance, even when it appears that the absent witness cannot be reached with process at the time the application is made." For a full discussion of this question, we refer to the above-stated case.

In the light of all the facts of this case, we think the court erred in refusing the defendant's application for a continuance, and the judgment is reversed and case remanded.

PER CURIAM. The above opinion is adopted as the opinion of the court.                                    *Reversed.*