CRUTHIRDS v. STATE.

(In Banc. May 12, 1941.)

[2 So. (2d) 145. No. 34422.]

**T. J. White,** of Gulfport, for appellant.

**A. M. Byrd**, Assistant Attorney General, for appellee.

Roberds, J., delivered the opinion of the court.

The defendant was indicted, tried, convicted and fined $500 in the Circuit Court of Simpson County for having whiskey in his possession unlawfully in that county. The sole ground of his appeal is that he was tried with such haste and under such conditions that he was denied the opportunity to confer with his attorney and prepare for his defense. It appears from the record that the indictment was returned on September 13, 1940, and the warrant for the arrest of the defendant was mailed to the Sheriff of Harrison County, where the defendant resided. The defendant was arrested by the Sheriff of Harrison County about 10 o'clock on the morning of September 20, 1940. The Sheriff of Simpson County went to Gulfport for the defendant. The defendant was allowed some three minutes within which to confer with his attorney at Gulfport. His attorney, who lived at Gulfport, wired the district attorney, explaining that he was engaged in Chancery Court at Gulfport, and asked for a continuance

of the case or time to investigate the merits of the case and prepare for trial. It is not shown whether there was any response to that communication. The Sheriff of Simpson County returned to Mendenhall, where the circuit court was in session, with the defendant in his custody, arriving there about or after dark the day of his arrest; and the defendant was immediately arraigned, in the absence of his attorney, and entered a plea of not guilty, and the trial judge "directed the defendant that if he had any witnesses that he wanted to summon here in his defense to turn their names into the hands of the circuit clerk and we would get them here." The case was set for trial at 8:30 the next morning. Counsel for defendant was able to leave the Chancery Court at Gulfport only because the chancellor adjourned court on account of a misfortune in his family. Counsel left Gulfport about 4:30 A. M. of September 21st and drove to Mendenhall, some 140 miles distance, according to the record. The defendant was placed upon trial at 8:30 A. M., September 21, 1940, some five minutes after his counsel arrived. His counsel dictated to the stenographer a motion asking for time to confer with his client and prepare his defense, not having time to reduce the motion to writing and in the form required by the statute. The motion was overruled. The state introduced six witnesses. The defendant had no witnesses.

After his conviction, the defendant made a motion to set aside the verdict and for a new trial on the grounds heretofore set out, which motion was duly supported by affidavit, the facts of which are not denied in this record, which motion was overruled.

Section 26 of the Constitution of Mississippi guarantees to every person a fair and impartial trial. A fair and impartial trial includes a reasonable opportunity to prepare for trial. Reed et al. v. State, 94 Fla. 32, 113 So. 630; State v. Collins, 104 La. 629, 29 So. 180, 81 Am. St. Rep. 150; State v. Kilmer, 31 N. D. 442, 153 N. W. 1089, Ann. Cas. 1917E, 116; State v. Fairclough, 86 Utah, 326, 44 P.

(2d) 692; Cade v. State, 96 Miss. 434, 50 So. 554; Knox v. State, 97 Miss. 523, 52 So. 695; State v. Musselman, 101 Wash. 330, 172 P. 346, L. R. A. 1918E, 523, and annotations to that case. In Coker v. State, 82 Fla. 5, 89 So. 222, the court set forth the right in these words: "Justice requires, and it is the universal rule, observed in all courts of this country, it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into trial upon an indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error; it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into dispute."

Even the state is given a reasonable opportunity to prepare for the prosecution. Ex parte Jefferson, 62 Miss. 223.

It is true that granting or refusing further time and continuances is largely discretionary with the trial judge, but the discretion must be a sound judicial discretion having due regard to the rights of the public and of the defendant. Section 576, Code of 1930; Jones v. State, 168 Miss. 702, 152 So. 479; Goins v. State, 155 Miss. 662, 124 So. 785; Hodgkin v. State, 172 Miss. 297, 160 So. 562; Allgood v. State, 173 Miss. 27, 161 So. 756.

No doubt the action of the learned trial judge in this case was influenced by the fact that the principal witness of defendant was out of the state, but the affidavit stated she would voluntarily appear and testify if given an opportunity to do so, and in the Knox case, supra, this court said: ". . . there are times when the trial court should allow a continuance, even when it appears that

the absent witness cannot be reached with process at the time the application is made.''

Dispatch of courts, saving of costs in their operation, speedy trials are commendable in the trial judges, but zeal in these respects must have due regard for the rights of defendants. The right is more valuable than the saving.

The storm of oppression, brute force and hate which is sweeping across a large part of the universe has leveled to the ground the temple of justice in many countries, and even in our own it has been shaken and broken in places, yet we may fervently hope that when this storm shall have spent its fury there will remain, undisturbed, as one of the foundational pillars of that temple, the right of all men, whether rich or poor, strong or weak, guilty or innocent, to a fair, orderly and impartial trial in the courts of the land.

Reversed and remanded.