ROBERTSON, Justice:
The appellant, Rayvon Cochran, was indicted, tried and convicted in the Circuit Court of Wayne County, Mississippi, of the murder of Irvin Palmer. The jury could not agree on the punishment so the appellant was sentenced by the court to life imprisonment in the State penitentiary.
The fatal encounter occurred about 9:30 p. m. on July 7, 1970. Irvin Palmer died about 2:00 a. m. July 8th from the stab wound in his right chest. The appellant was indicted on July 15, 1970, and a Capias, dated July 14, 1970, returnable on the 2nd Monday of July, 1970 {July 13, 1970), was served on him July 15, 1970. A written motion for continuance, sworn to by Stanford Young, attorney for the defendant, was filed on July 16, 1970. That motion stated under oath that the killing occurred on July 7, 1970; that the defendant was hurt in the affray and could not properly prepare his defense in such a short time; that his attorney, Stanford Young, was involved in a series of hearings in the Federal District Court and had been ordered to appear in that court on Friday, July 17, 1970; that at that hearing he would be ordered to appear on Monday, July 20th, and Friday, July 24, 1970, in Federal District Court, and that “it will be impossible to prepare a proper defense” for.the appellant in such a short time. The oath stated that “this motion for continuance is not made for the purpose of delay but that justice may be served.”
On July 22, 1970, after a special venire had been summoned at the instance of appellant, another motion for continuance, on the ground of six absent material witnesses two of whom were alleged to be non-residents of the State of Mississippi, was dictated into the record with the court’s consent. The appellant stated in his motion that he had just learned that-Cliff Hilton was in New Orleans, Louisiana, that he would have a deposition from him at the next term of court, that Hilton would testify that he was an eyewitness and:
“[Tjhat he heard the deceased say he was going to cut Ravon’s head off, that he would testify that deceased had a knife, that he followed Ravon Cochran into the yard of the M & R Club and did then and there cut Ravon Cochran not in necessary self defense of his life.”
The motion went on to state:
“That Mel G.'Brown would testify to the same thing Cliff Hilton would testify, that he is in Alabama, not amenable to process of this court, but we would have his testimony here by deposition at the next term of court.”
The court heard argument on this last motion for continuance and overruled the *24 motion. No action is noted in the record on the sworn written motion for continuance. The case proceeded to trial immediately on the overruling of the motion on July 22, 1970. The jury returned the guilty verdict on July 22, 1970, and the court sentenced the appellant to life imprisonment on July 22, 1970.
The motion for a new trial was sworn to on July 23, 1970, by appellant, Rayvon Cochran, and his attorney, Stanford Young. It was based largely on the ground that the defense simply did not have sufficient time to prepare for trial, that two eyewitnesses, Cliff Hilton and Merrell Brown, whose testimony was vital to the defense, were absent but would be available on a new trial, that all of this was mentioned in the motion for continuance, which motion was erroneously overruled by the court. The affidavit of Merrell Brown was attached to the motion, wherein Brown stated:
“[Tjhat I saw the deceased, Irvin Palmer, leaving the M & R Club right after Rayvon Cochran, and I heard the deceased, Irvin Palmer, say, ‘Rayvon, when I get you outside, I’m going to hurt you bad.’ I learned of the trial of the matter on the afternoon of July 22, 1970, and came to the Court House from over in Alabama, and when I arrived, the matter had already been submitted to the jury and it was too late for me to testify.”
On July 24, 1970, after hearing argument, the court dictated an order overruling the motion for a new trial to the court reporter. The commitment of Ray-von Cochran to the state penitentiary was dated and signed by the circuit clerk on July 24, 1970.
The appellant assigned as error:
“I.
“The Court erred in refusing to grant the Defendant’s request for a continuance.
“II.
“The Court erred in refusing a directed verdict for the Defendant at the close of the State’s case.
“HI.
“The Court erred in admitting into evidence a picture of the deceased, for the State did not lay the proper predicate for the admission of the photograph and the photograph was introduced not to inform the jury, but to inflame them.”
There is no merit in the second and third assignments of error. The testimony was conflicting and clearly presented a question for the jury to decide. The picture was properly admitted into evidence and served to inform the jury of the exact location of the two stab wounds inflicted on the deceased.
There is merit in the first assignment of error, that the court erred in refusing to grant the defendant’s motion for a continuance. For the capital offense of murder carrying as a punishment either death or life imprisonment, upon a verdict of guilty, the appellant and his counsel in the interest of justice should have had more than one week to prepare for trial. This is especially true where two motions for continuance were presented to _the court: one listing pre-set required court appearances by defense counsel in Federal District Court during the week before July 22, 1970; and the other setting forth the absence of six material witnesses, two of whom were alleged to be eyewitnesses. Both motions ended with the sworn statement that appellant and his counsel simply did not have time to properly investigate and prepare for trial, and that the motion was not made for delay but that justice may be served.
In a close case such as this one, between murder and manslaughter, we are satisfied that an injustice resulted when the court denied the two motions for continu- *25 anee and forced the appellant to go to trial 7 days after he was indicted for murder and just 15 days after the altercation which resulted in the death of Palmer and the serious cutting of the appellant. Section 1520, Mississippi Code of 1942 Annotated (1956).
Judgment reversed and case remanded for a new trial.
GILLESPIE, P. J., and JONES, BRADY and INZER, JJ., concur.