249 So.2d 383 (1971)
Lee Guster BARNES
v.
STATE of Mississippi.
No. 46396.
Supreme Court of Mississippi.
June 7, 1971.
*384 Howard C. Coleman, West Point, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellant was indicted, tried and convicted in the Circuit Court of Clay County, Mississippi, on a charge of assault and battery by pointing, aiming, discharging and injuring one Richard Simmons with a pistol as defined by Section 2013 Mississippi Code 1942 Annotated (1956). He was sentenced to serve a term of four years in the state penitentiary. He has appealed from the judgment and sentence of the circuit court to this Court and now contends that he is entitled to a new trial because of certain alleged errors; however, since this case must be reversed, we discuss only those assignments deemed necessary for the purpose of this opinion. The other alleged errors may not appear upon a new trial of this case.
The appellant complains that he should have been granted a continuance and that the failure to grant appellant additional time to prepare his trial was prejudicial. The record shows that the indictment against the appellant was filed in the clerk's office on July 15, 1970. The defense attorney was employed on that date and requested process for defense witnesses on July 20, 1970. It appeared at that time that none of the witnesses summoned by the defendant had been served with a summons and no official return had been made as to why the witnesses had not been summoned. When the case was called the attorney for defendant renewed his motion ore tenus and explained to the court that the witnesses summoned were eyewitnesses to the alleged offense. The court overruled the motion upon the ground that the defendant did not set out what the witnesses would testify. One of the witnesses summoned by the appellant was his roommate, Vernad Gavin. The defendant testified that his roommate gave him the gun and that he caught his arm so as to cause the gun to be discharged.
The application for continuance upon the ground that the attorney for the defendant has not had a reasonable time to prepare for trial is different from an application for continuance on the ground that there is an absent witness. When a witness is absent the movant must continue his effort to obtain the witness after having filed the motion required by Section 1520 Mississippi Code 1942 Annotated (1956). See: King v. State, 251 Miss. 161, 168 So.2d 637 (1964). On the other hand, a motion for continuance upon the ground that an attorney has not had sufficient time to prepare for trial is subject to proof and also as to facts as they may appear from that which is known to the trial court. In the instant case the defendant had to rely upon his own testimony alone. It is apparent from the facts shown in the record that the attorney for defendant did not have a fair opportunity to prepare for trial.
It is largely within the sound judicial discretion of the trial judge as to whether or not the defendant's attorney has had *385 ample time to prepare for trial, (Yates v. State, 251 Miss. 376, 169 So.2d 792 [1964]; 17 Am.Jur.2d Continuance § 28, page 147 [1964]); nevertheless, where the trial record reveals a statement of facts indicating a lack of fair trial, it becomes the duty of this Court to insure such trial by granting a new trial.
It has been said in Cruthirds v. State, 190 Miss. 892, 2 So.2d 145 (1941):
Section 26 of the Constitution of Mississippi guarantees to every person a fair and impartial trial. A fair and impartial trial includes a reasonable opportunity to prepare for trial. * * * In Coker v. State, 82 Fla. 5, 89 So. 222, the court set forth the right in these words: "Justice requires, and it is the universal rule, observed in all courts of this country, it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error; it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into disrepute." (190 Miss. at 896-897, 2 So.2d at 146)
See also: Yates v. State, supra; Cochran v. State, 244 So.2d 22 (Miss. 1971).
Where the evidence is such as to leave considerable doubt as to whether or not the defendant obtained a fair trial, we will grant a new trial so that a new jury may pass upon the facts presented. See: Peterson v. State, 242 So.2d 420 (Miss. 1970); Cole v. State, 217 Miss. 779, 65 So.2d 262 (1953); Dickerson v. State, 54 So.2d 925 (Miss. 1951); Conway v. State, 177 Miss. 461, 171 So. 16 (1936); Taylor v. Sorsby, 1 Miss. 97 (1821).
The facts in this case are close and we are of the opinion, from the overall record, that the appellant should be given a fair opportunity to present all the evidence available, and to that end a new trial will be granted.
There are, however, two assignments of error that we feel should be discussed as a guide for the trial court, the first of which is the refusal of the trial court to permit the introduction of certain character testimony. The following summary of the facts will place this issue in its proper perspective. The defense called as a character witness, Howard L. Gunn, Director of Guidance and Counselling at Mary Holmes College, West Point, Mississippi. Mr. Gunn's testimony reflected that he had known the defendant since 1968 and that he knew the defendant's reputation to be outstanding. On cross-examination Mr. Gunn admitted, however, that he did not know the defendant's reputation in the community in which he lived. The State thus moved that the character testimony be stricken and this motion was sustained by the trial court.
The general rule as to character evidence is that it is usually confined to a party's general reputation in the community or neighborhood in which he resides or has resided. 29 Am.Jur.2d Evidence § 347, page 396 (1967). Nevertheless, section 347, supra, goes on to say:
* * * However, the term "community" or "neighborhood" is not susceptible of exact geographical definition, but means, in a general way, where the person is well known and has established a reputation, so that the inquiry is not necessarily confined to the domicil or residence of the party whose reputation is in question, but may extend to any community or society in which he has a well-known or established reputation.
*386 See also: Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937); 22A C.J.S. Criminal Law § 677(3), page 710 (1961).
McCormick on Evidence, section 158, page 335 (1954), deals with the subject of character of the accused, in which it is said:
* * * The reputation is usually said to be limited to that which obtained in the community where the accused lived, but this should be extended to embrace any considerable group with whom he constantly associated in his business, work, or other continued activity, and who might reasonably be thought to have a collective opinion about him.
We thus hold that under the above stated rules, and under the facts of this case, the witness, Howard Gunn, should have been allowed to testify as to the appellant's character, and the denial of this testimony was error.
The next assignment of error requiring a discussion is the complaint of the appellant that an instruction granted the State was a reversible error. The instruction is in the following language:
The Court instructs the jury for the State that if you believe from the evidence in this case beyond every reasonable doubt that the defendant, Lee Guster Barnes, did intentionally point and aim a pistol at or toward Richard Simmons, not in self defense nor in the discharge of official duty, and did then and there discharge said pistol so intentionally pointed or aimed and by such discharge did wilfully, unlawfully and feloniously injure the said Richard Simmons then it is your sworn duty to find the defendant Guilty as charged, and in such event your verdict will be: "We the jury find the defendant Guilty as charged." Write your verdict on a separate sheet of paper.
The appellant contends that this instruction was not proper because it was not supported by evidence. The thrust of his argument is that the testimony for the prosecution did not show that the appellant "wilfully, unlawfully and feloniously" injured the prosecuting witness. A complete answer to this argument is that the State was not required to show that the defendant "wilfully" injured the prosecuting witness under the language of Section 2013 Mississippi Code 1942 Annotated (1956). It will be noted that this section makes it an offense to intentionally point or aim any gun, pistol or firearm at another except in self-defense. If the gun is discharged the punishment is increased, and if the victim is injured the crime becomes a felony. The law does not require that the State show that the defendant intentionally or wilfully discharged the firearm or that he intentionally or wilfully injured the person assaulted. The crime of intentionally pointing a firearm is not a constituent offense so as to be included in a murder charge or a charge of assault and battery with intent to kill and murder under section 2011 Mississippi Code 1942 Annotated (1956). See: Section 2523 Mississippi Code 1942 Annotated (1956); Conwill v. State, 124 Miss. 716, 86 So. 876 (1921).
The Code section here involved (Section 2013 Mississippi Code 1942 Annotated [1956]) is not a common law offense. It is an addition to the common law crime of assault and battery, enacted for the specific purpose of preventing the dangerous act of intentionally pointing a firearm at another. It is a statute to prohibit a dangerous act and may be listed under those crimes designated as mala prohibita. It has been pointed out by many textwriters that crimes are divided into crimes mala in se and crimes mala prohibita. "* * * [T]he former class comprises those acts which are immoral or wrong in themselves, or naturally evil, such as murder, rape, arson, burglary, larceny, breach of the peace, forgery, and the like, while the latter embraces those things which are not naturally evil, but are prohibited by statute because they infringe on the rights of others, although *387 no moral turpitude or dereliction may attach, and they are crimes only because they are prohibited by statute. * * *" 22 C.J.S. Criminal Law § 8, pages 19, 20 (1961). See: Creel v. State, 186 Miss. 738, 191 So. 814 (1939).
The word "wilful" should not have been used in the instruction. The words "unlawfully and feloniously injure" were proper because it is unlawful to point and aim a firearm at another, not in necessary self-defense, and if the firearm is discharged and thereby injures a person, the crime becomes a felony. The instruction will, therefore, be modified upon a new trial.
The sentence and judgment of the trial court is hereby reversed and remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.