284 So.2d 57 (1973)
William CRAIG
v.
STATE of Mississippi.
No. 47580.
Supreme Court of Mississippi.
October 15, 1973.
Thomas J. Gardner, III, Tupelo, for appellant.
A.F. Summer, Atty. Gen., by John Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant, William Craig, was tried and convicted of the crime of armed robbery in the Circuit Court of Itawamba County, Mississippi, and sentenced to serve a term of thirty (30) years in the Mississippi State Penitentiary.
He has appealed to this court and contends that he should be released and discharged upon the ground that he was not granted a speedy trial in the circuit court.
The facts shown in the record leave no doubt that the appellant was guilty of the crime charged. The only issue is whether or not he was given a speedy trial within the meaning of Section 26, Mississippi Constitution 1890, and the Sixth Amendment to the Federal Constitution.
This is the sequel of events leading to the conviction of the appellant. The robbery was committed April 1, 1971. Appellant was immediately captured. The Circuit Court of Itawamba County was not scheduled to meet until the fourth Monday of September. [Section 1395, Mississippi Code 1942 (Supp. 1972)] It was discovered that appellant has previously committed robbery and murder in Illinois. The prisoner was claimed and extradited to Illinois on July 22, 1971. Upon trial of his cases in Illinois he was acquitted of murder, but convicted of armed robbery. He was indicted by the Grand Jury of Itawamba County on September 8, 1971.
The district attorney in Mississippi claimed the prisoner; therefore, he was returned to Mississippi in August, 1972. The appellant was brought before the court and at that time he advised the court that he would employ his own attorney. He was given a few days to see attorneys. It developed later, however, that he was indigent and could not employ an attorney. On September 18, 1972, an attorney was *58 appointed by the court to represent appellant. He was arraigned, and pled not guilty. He demanded an immediate trial. On September 22, 1972, the court offered to try the appellant, but pointed out that if he demanded a special venire the case would have to be continued, because the term of court was about to expire, and it could not be extended due to a conflicting term in the same court district. The appellant offered proof to show facts and alleged that he had two witnesses who had left the jurisdiction of the court. It developed, however, that one of the witnesses sought had been found and served with process. The motion to dismiss was overruled and the case set for trial at the next term of court [March 6, 1973]. At the March term of court, the appellant made a motion for a continuance to the September term, 1973. This motion was overruled and a motion was again made to dismiss the charges against defendant. When this motion was overruled, the case went to trial. Another motion was made asking for a directed verdict of acquittal, but this was also overruled. A motion for a new trial was made after the conviction and sentence was had, and this motion was overruled.
An examination of the record in this case has resolved itself into the question as to whether or not the prisoner was denied a speedy trial on September 22, 1972, because up to that date it is obvious that the State of Mississippi had done all within its power to give the appellant an early trial. The case was set over to the end of the September term in order to give the prisoner time to employ an attorney and to prepare for trial. When it developed that he could not employ an attorney, there was still time to give the defendant a jury trial before the juries then present in the court. The defendant, however, desired to exercise his statutory right to demand a special venire. The granting of this motion would have necessitated an extension of the regular term of the Circuit Court of Itawamba County; but this was impossible, because the two judges of that circuit court district were required to go into two other counties  Tishomingo and Prentiss  to hold court.
The appellant has cited several federal cases where the court was required to dismiss charges against a defendant, but these cases show a much longer period of years in which the prisoner was not given a trial.
The United States Supreme Court pointed out in Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950 (1905) that the right to a speedy trial is "necessarily relative ... and depends upon circumstances." [198 U.S. at 87, 25 S.Ct. at 576] This theory of relativity has been followed in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) and United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1965).
The Supreme Court of Mississippi has recognized that the State has the right to have a fair opportunity to prosecute a defendant and must have time to so do. Ex parte Jefferson, 62 Miss. 223 (1884).
In the recent case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court recognized that in each case where the question of speedy trial was at issue, the issue must be approached on an ad hoc basis. The court recognized that the length of delay may be the triggering mechanism, but there are also other factors to be considered, including the reason for delay, the defendant's assertion of his right, and the prejudice to the defendant.
This court has held that where the defendant is being tried in other jurisdictions or his trial is delayed during the time he was being tried for other crimes, or because of his own misconduct by being a fugitive, his claim of failure of the court to grant a speedy trial is not well founded. Saucier v. State, 259 So.2d 484 (Miss. 1972).
The facts in the instant case are entirely different from the facts in Bell v. State, 220 So.2d 287 (Miss. 1969). In that case *59 the defendant committed the crime on October 5, 1964. He was tried and convicted in the federal court on June 2, 1965. The State made no effort to obtain the custody of the defendant until September 1, 1967. He was finally tried on January 27, 1968. During this time one of the witnesses had died. This court held that the case of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) applied and that the appellant was prejudiced by the delay, and he was discharged.
The judicial system of Mississippi is patterned in a large sense from the old English courts of assize and nisi prius. In fact, our circuit court in which criminal cases are tried has "all the powers [of an old English court] belonging to a court of oyer and terminer and general jail delivery, ..." Section 1428, Mississippi Code 1942 Annotated (1956). The judges move from county to county and, of course, must close one court before another is opened in another county.
In the instant case, under the facts here shown, we are of the opinion that the contention that the defendant was denied a speedy trial is not well founded and, therefore, we must affirm the judgment of the trial court.
Affirmed.
SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.