312 So.2d 5 (1975)
Harry Lee MARTIN
v.
STATE of Mississippi.
No. 48494.
Supreme Court of Mississippi.
May 5, 1975.
William Ben Regan, Magnolia, for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, INZER and WALKER, JJ.
WALKER, Justice:
Appellant was convicted in the Circuit Court of Pike County, Mississippi, of the sale of marijuana and sentenced to twelve years in the state penitentiary.
His sole assignment of error is that the trial court abused its discretion in overruling his motion for a continuance.
The record discloses that the appellant who was married, had two children, a job and no prior record was indicted by the Pike County Grand Jury on April 3, 1974, arrested and placed in jail that same day. The following day, Thursday, April 4, 1974, in the afternoon, an attorney was appointed to represent appellant at which time appellant was arraigned and advised that his case was set for trial on the following Monday, April 8, 1974. On Monday, prior to the trial, appellant's attorney *6 made a motion for continuance on the grounds that he had not had sufficient time in which to investigate the matter, interview witnesses and prepare for trial. In this regard, it is evident from the record that appellant's young attorney used all due diligence in attempting to prepare for trial during the two secular days that intervened between the afternoon of arraignment and trial on Monday morning; that he was not dilatory in any respect, and, that the motion was made in good faith and not for the purpose of delay. It was the duty of appellant's attorney to make a full and complete investigation of both the facts and the law in order to adequately prepare for and efficiently represent appellant at the trial, and we recognize that preparation for trial is a tedious and time-consuming process.
The language of Barnes v. State, 249 So.2d 383, 385 (Miss. 1971) quoting from Cruthirds v. State, 190 Miss. 892, 2 So.2d 145 (1941) is appropriate here:
Section 26 of the Constitution of Mississippi guarantees to every person a fair and impartial trial. A fair and impartial trial includes a reasonable opportunity to prepare for trial. * * * In Coker v. State, 82 Fla. 5, 89 So. 222, the court set forth the right in these words: "Justice requires, and it is the universal rule, observed in all courts of this country, it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error; it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into disrepute." (190 Miss. at 896-897, 2 So.2d at 146).
We have carefully examined the record in this case and are of the opinion that this is one of those rare instances in which the trial court abused its discretion in overruling appellant's motion for a continuance.
Therefore, this cause is reversed and remanded to the lower court for a new trial.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.