832 So.2d 1281 (2002)
Donald Ray PITTS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01703-COA.
Court of Appeals of Mississippi.
December 17, 2002.
*1283 Anthony J. Buckley, Laurel, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Donald Ray Pitts was convicted of manslaughter in the Circuit Court of Wayne County and was sentenced to twenty years and ordered to pay restitution in the amount of $6,340 to Mr. and Mrs. Frankie Richardson, $3,500 to the Victim Compensation Fund, an appearance bond fee of $1,600, and court costs of $248.50. Aggrieved, he asserts the following issues:
I. THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT'S REQUEST FOR A CONTINUANCE.
II. THE TRIAL COURT ERRED IN GIVING THE STATE'S MANSLAUGHTER INSTRUCTION S-3, WHICH HAD MATERIAL ELEMENTS MISSING AND MADE REFERENCE TO SELF-DEFENSE, A DEFENSE NOT ARGUED BY THE DEFENDANT.
III. THE TRIAL COURT ERRED BY ALLOWING THE PROSECUTOR TO REPEATEDLY EMPHASIZE THE FLIGHT AND VIOLENT HISTORY OF THE DEFENDANT DURING CLOSING ARGUMENT.
IV. THE TRIAL COURT ERRED IN FAILING TO REVERSE THE MANSLAUGHTER CONVICTION ON THE GROUNDS THAT THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no error, we affirm.

FACTS
¶ 2. Donald Ray Pitts had a fight with his girlfriend Sheba Cochran while out shooting pool. Pitts left in Cochran's truck, and Cochran informed her brother, Cecil Richardson, that Pitts had beaten her. Richardson and a friend, Roger Shauger, went after Pitts, ostensibly in order to retrieve Cochran's truck. Cochran's daughter testified that Pitts stopped by Cochran's house in order to get some things. She did not notice what he took from the house, although the State attempted to show that Pitts retrieved Cochran's single shot .410 shotgun.
¶ 3. Pitts ended up at a remote spot in Wayne County, known as Fisherman's Nook. Cecil Richardson and Roger Shauger found him there. Shauger testified that Richardson was not armed as far as he knew, but Pitts was pointing a gun at them. Shauger admitted that he was carrying *1284 a wooden tire thumper which he used to check air in tires at his job. According to Shauger's testimony, Richardson told him to get into Cochran's truck because they were there to retrieve it. Richardson approached Pitts. Shauger entered the truck and heard a gunshot. Richardson then opened the passenger door of the truck and climbed in, telling Shauger that he had been shot in the chest. As Shauger began to drive away, another gunshot rang out, breaking the window of the truck and wounding Shauger in the head. Richardson gave Shauger directions to a nearby home, where an ambulance was summoned. Richardson died shortly thereafter due to the gunshot wound to his chest.
¶ 4. The investigation by the Sheriff's Department of Wayne County discovered two hulls from a .410 shotgun. Shauger's tire thumper was found at the scene along with a piece of shovel handle, belonging to Richardson's father, Frankie. A single shot .410 shotgun was retrieved from Pitts when he was arrested the following day. Sheba Cochran testified that the shotgun belonged to her. Dr. Steven Hayne testified that Richardson died from a single shotgun wound, fired from approximately five to six feet away. An expert from the Mississippi Crime Lab testified that samples taken from Richardson were negative for any signs of gunshot residue. Pitts' roommate testified that Pitts drove up acting hysterically, saying that he had shot Richardson after being beaten with sticks, asserting that he was defending himself. Pitts gave a statement to police claiming that it was Richardson who brought the shotgun and fired first. Pitts claimed that he was able to struggle with Richardson for control of the gun, and that the gun discharged accidentally hitting Richardson.
¶ 5. In his defense, Pitts called a neighbor who claimed to have heard three shots fired on the night of the shooting. Pitts also called the woman whose house Richardson and Shauger had stopped at after the shooting. She testified that Shauger later told her that he and Richardson had ill intent on the night of the shooting. After his defense, the jury deliberated and returned a verdict of not guilty of aggravated assault and guilty of manslaughter. Pitts was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections.

ANALYSIS
I. DID THE TRIAL COURT ERR IN NOT GRANTING THE DEFENDANT'S REQUEST FOR A CONTINUANCE?
¶ 6. Pitts asserts that the trial court erred in not granting his request for a continuance on June 14, 2001. Pitts was arrested and charged on May 6, 2000. He was indicted in January 2001, and trial was initially set for March 7, 2001. Trial was reset for March 15, 2001. Pitts requested a continuance which the trial court granted, resetting trial for June 18, 2001. On June 14, Pitts requested another continuance in order to talk to witnesses dispersed over several states, in order to have additional time to study a crime lab report on gunshot residue, and in order to track down ambulance drivers who responded on the night of the shooting.
¶ 7. The trial judge is vested with broad discretionary powers in granting or refusing to grant a continuance. Lambert v. State, 518 So.2d 621, 623 (Miss.1987). To prevail, the defendant must show not only an abuse of this discretion, but also that the abuse actually worked an injustice in his case. Arteigapiloto v. State, 496 So.2d 681, 685 (Miss.1986). "This Court *1285 shall not reverse for the denial of a continuance unless it appears that manifest injustice resulted from the denial." Buckley v. State, 772 So.2d 1059(¶ 2) (Miss.2000) (citing Stidham v. State, 750 So.2d 1238, 1242(¶ 14) (Miss.1999)).
¶ 8. In support of his position, Pitts directs this Court to the cases of Martin v. State, 312 So.2d 5 (Miss.1975) and Cochran v. State, 244 So.2d 22 (Miss.1971). In Martin, it was held that the trial court abused its discretion in failing to grant a continuance when an attorney was appointed on Thursday and the case was scheduled for trial the following Monday. Martin, 312 So.2d at 5-6. Similarly, the trial court in Cochran was held to have abused its discretion in failing to grant a continuance in a murder trial where the defendant was forced to go to trial only seven days after he was indicted and fifteen days after the altercation had occurred. Cochran, 244 So.2d at 24-25.
¶ 9. Pitts' case is quite different. As was noted by both the prosecutor and the trial court, the shooting took place more than a year before the trial date. Pitts had ample time to interview witnesses and had been granted a continuance in March of 2001 when one was initially requested. Pitts fails to demonstrate that the trial court's denial of a continuance was an abuse of discretion or make any showing that an injustice occurred. Part of the testimony Pitts requested time for was from two people who lived near the scene of the shooting who claimed to have heard three shots fired. Both Louvena Hinton and Linda Tyner testified at trial that they heard three shots. The crime lab findings were adverse to Pitts' case, since no gunshot residue was found on Richardson. Pitts does not explain what he expected to gain from further time examining this evidence. The trial court properly examined the issues involved and made a ruling within its discretion.
¶ 10. Lacking a showing of an abuse of discretion and any injustice arising from an abuse, this issue is without merit.
II. DID THE TRIAL COURT ERR IN GIVING THE STATE'S MANSLAUGHTER INSTRUCTION S-3, WHICH HAD MATERIAL ELEMENTS MISSING AND MADE REFERENCE TO SELF-DEFENSE, A DEFENSE NOT ARGUED BY THE DEFENDANT?
¶ 11. Pitts argues that the trial court erred in giving the State's manslaughter instruction S-3, which he asserts had material elements missing and made reference to self-defense, a defense which he chose not to argue. Pitts admits, however, that no objection was made at trial to the jury instruction. "The general rule is that if the offended party fails to object to a jury instruction at the trial, the issue is barred on appeal." Howell v. State, 800 So.2d 556, 559(¶ 5) (Miss.Ct.App.2001) (citing Walker v. State, 729 So.2d 197, 202(¶ 19) (Miss.1998)).
¶ 12. Even if the issue was not procedurally barred, it is without merit. Pitts claims that the instruction was in error because it failed to include statutory language of "but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law." Miss. Code Ann. Section 97-3-35 (Rev.2000). The use of the shotgun was specifically addressed in another instruction, D-9a. When reviewing allegedly erroneous instructions, this Court reviews the instructions as a whole to determine whether the jury was properly instructed. Morgan v. State, 741 So.2d 246, 253(¶ 16) (Miss.1999) *1286 (citing Willie v. State, 585 So.2d 660, 680 (Miss.1991)(overruled on other grounds)). "This Court does not review jury instructions in isolation." Nicholson on Behalf of Gollott v. State, 672 So.2d 744, 752 (Miss. 1996) (citing Malone v. State, 486 So.2d 360, 365 (Miss.1986)). It is therefore not error for one instruction to lack an element if that element is found in another instruction given by the court.
¶ 13. Pitts also argues that the inclusion of "not in necessary self-defense" was error because he was not defending himself based on that theory. Looking to the trial record, it appears that in fact Pitts did use self-defense as the basis for the struggle which he claimed led to the accidental shooting of Richardson, according to his counsel. Since the trial court also allowed an instruction dealing with Pitts' theory of accident, the jury was adequately instructed as to the crime and Pitts' defenses. Accordingly, this issue is without merit.
III. DID THE TRIAL COURT ERR BY ALLOWING THE PROSECUTOR TO REPEATEDLY EMPHASIZE THE FLIGHT AND VIOLENT HISTORY OF THE DEFENDANT DURING CLOSING ARGUMENT?
¶ 14. Pitts asserts that the trial court erred by allowing the prosecutor to emphasize Pitts' flight from the scene of the shooting and Pitts' violent history during closing arguments. However, Pitts failed to object to these statements at trial. Consequently, Pitts waived this issue and it is procedurally barred from review. Chase v. State, 645 So.2d 829, 854 (Miss. 1994) (citing Johnson v. State, 477 So.2d 196, 210 (Miss.1985)).
[I]t is the duty of a trial counsel, if he deems opposing counsel overstepping the wide range of authorized argument, to promptly make objections and insist upon a ruling by the trial court. The trial judge first determines if the objection should be sustained or overruled. If the argument is improper, and the objection is sustained, it is the further duty of trial counsel to move for a mistrial. The circuit judge is in the best position to weigh the consequences of the objectionable argument, and unless serious and irreparable damage has been done, admonish the jury then and there to disregard the improper comment.
Johnson, 477 So.2d at 209-10 (citations omitted).
¶ 15. Without disregarding the procedural bar, this issue is without merit. Looking at the record, the prosecutor first mentioned Pitts' flight in his closing argument in a general summation of the facts. Pitts' counsel then addressed the issue of flight in his closing and suggested that due to the shock of the moment it should not be considered as evidence of guilt. In response, the prosecutor in his final closing made the quotation of which Pitts now complains. The prosecutor stated, "The wicked flee when no man pursueth, but the righteous are as bold as lions." In responding to the defense counsel's remarks, the prosecutor was within the "considerable latitude" given to counselors in making their closing arguments. Craft v. State, 271 So.2d 735, 737 (Miss.1973).
¶ 16. In the same quotation from the prosecution's closing argument, Pitts asserts that the use of the word "wicked" was improper. Although defendant vilification has been condemned by the Mississippi Supreme Court in cases such as Bridgeforth v. State, 498 So.2d 796, 801 *1287 (Miss.1986), where the defendant was called "scum," the Court has used the word "wicked" in defining malice which must be proved in murder, with which Pitts was charged. "[The] word malice is not only confined to a particular ill-will to the deceased, but is intended to denote ... an action flowing from a wicked and corrupt motive." Johnson v. State, 475 So.2d 1136, 1139 (Miss.1985). The jury was properly instructed that the arguments of counsel were not evidence, and if not supported by the evidence they were to be disregarded.
¶ 17. This issue is procedurally barred and lacks substantive merit.
IV. DID THE TRIAL COURT ERR IN FAILING TO REVERSE THE MANSLAUGHTER CONVICTION ON THE GROUNDS THAT THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 18. Pitts argues that the jury verdict was against the overwhelming weight of the evidence. In Ford v. State, 753 So.2d 489, 490(¶ 8) (Miss.Ct.App.1999), we held that:
[I]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (¶ 7) (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125(¶ 29) (Miss. 1998); Herring v. State, 691 So.2d 948, 957 (Miss.1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). "Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system." Hughes v. State, 724 So.2d 893, 896(¶ 14) (Miss.1998). "In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State." Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain, 625 So.2d at 781; Van Buren v. State, 498 So.2d 1224, 1229 (Miss. 1986). It has also been established that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017(¶ 9) (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979).
¶ 19. Based on the record before us, the evidence was more than sufficient to allow the case to go to the jury, and the jury's verdict was not against the overwhelming weight of the evidence. Testimony was given that Pitts went to the home of the owner of the gun, retrieved something and left. Shortly thereafter, the owner's gun was used to shoot Cecil Richardson. Roger Shauger testified to his recollection of the events that led to the shooting, including Pitts having the gun in his hands. Pitts' statement was examined by the jury, both on tape and its transcript. Pitts admitted firing the shot that killed Richardson. The jury determined it was manslaughter, and this finding is supported by the evidence. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY *1288 OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION IN THE AMOUNT OF $6,340 AND $3,500 TO THE VICTIM COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.